[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 3, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-16908
Non-Argument Calendar

_____

D. C. Docket No. 05-00103-CR-ORL-22-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE JAMES HULL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 3, 2007)**

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

A jury convicted appellant on four counts of a five count indictment: Count

One, possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1); Count Two, possession with intent to distribute powder cocaine, in violation of 21 U.S.C. § 841(a)(1); Count Three, possession of firearms in furtherance of the drug trafficking charged in Counts One and Two, in violation of 18 U.S.C. § 924(c)(1)(A); and Count Five, possession with intent to distribute marijuana, in violation of 21 U.S.C. § 844(a).[1] The district court granted appellant's motion for judgment of acquittal on Count One – on the ground that possession of 6.4 grams of crack cocaine was insufficient to support an inference of intent to distribute – and on Count Three – on the ground that there was an insufficient nexus between appellant's abandonment of the firearms (while being chased on foot by the police) and the drug trafficking.[2] The court then sentenced appellant to concurrent prison terms, 87 months on Count Two and 12 months on Count Five.

Appellant now appeals. He attacks his Count Two conviction on the ground that the court constructively amended the indictment when, in charging the jury, it failed to refer to 21 U.S.C. § 841(b)(i)(B)(iii) and to inform the jury that in order to convict, it had to find that appellant possessed with intent to distribute 500 or more

---

[1] The Government dismissed Count Four after it was severed from the other counts of the indictment.

[2] In doing so, the court renumbered Count Five as Count Four. For ease of discussion, we refer to the count as Count Five.

grams of cocaine.[3]  Appellant challenges his sentence on Count Two on two

grounds: (1) in determining the sentence range under the Guidelines, the court

erred in considering the firearms listed in Count Two; and (2) the court erred in

considering the 6.4 grams of crack cocaine in arriving at appellant's sentence (but

not in determining the sentence range).  We turn first to appellant's argument that

the court impermissibly amended the indictment as to Count Two, an argument he

did not present to the district court, which means that we consider it under the plain

error doctrine.

Count Two alleged that appellant violated two subsections of 21 U.S.C. §

841 – 841(a)(1) and 841(b)(1)(B)(ii).  The latter subsection does not state a crime;

rather, its service is merely to provide the penalties for violations of § 841(a)(1).

Therefore, the reference to § 841(b)(1)(B)(ii) was pure surplusage.  The court

properly charged the jury on the elements of the Count Two offense.  Thus, we

could hardly find plain error.  We accordingly affirm the Count Two conviction.

Appellant contends that since it granted a judgment of acquittal on Count

Three, the court could not use the firearms mentioned in that count in enhancing

his base offense level under U.S.S.G. § 2D1.1(b)(1).  The Government showed by

---

[3]  Subsection 841(b)(1)(B)(ii) states, in relevant part: "In the case of a violation of [subsection 841(a)(1)] involving . . . (ii) 500 grams or more of a mixture or substance containing a detectable amount of . . . cocaine . . . such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years. . . ."

a preponderance of the evidence that the firearms were connected with appellant's possession of drugs, and appellant failed, in response, to demonstrate that this connection was "clearly improbable." United States v. Hall, 46 F.3d 62, 63 (11th Cir. 1995). As the evidence abundantly supports the § 2D1.1(b)(1) enhancement, we reject this challenge.

Appellant's second challenge to the Count Two sentence concerns the court's consideration of the 6.4 grams of crack cocaine involved in Count One in fashioning the sentence. We are unpersuaded. First, as appellant has to concede, the court correctly found the sentence range at 57 to 71 months' imprisonment. In doing so, the court did not take the crack cocaine into account. The court took the crack cocaine into account, however, after appropriately considering the sentencing objectives of 18 U.S.C. § 3553(a); it concluded that the prescribed sentence range was inadequate and that a more severe sentence was required to satisfy those objectives. We find nothing in the record that would suggest that the Count Two sentence is unreasonable; hence, we affirm the sentence.

**AFFIRMED.**