[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 12, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10453
Non-Argument Calendar

_____

D. C. Docket No. 05-00103-CR-ORL-22-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE JAMES HULL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 12, 2009)

Before TJOFLAT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

In United States v. Hull, 238 Fed.Appx. 543 (11th Cir. 2007), we affirmed

appellant's convictions and sentences for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possession of marijuana, in violation of 21 U.S.C. § 844(a).[1]  On March 5, 2008, appellant moved the district court to reduce his sentence for the cocaine offense pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the Sentencing Guidelines.  The district court denied his motion on the ground that he was not eligible for a sentence reduction because Amendment 706 did not have an effect of lowering the Guideline sentence range for appellant's cocaine offense; the amendment applies only in crack cocaine cases.  The court did not address the question of whether appellant could receive the reduction on other grounds, such as the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Appellant now appeals the court's ruling.  He concedes that  United States v. Melvin, 556 F.3d 1190 (11th Cir. 2009), cert. denied, 129 S.Ct. 2382 (2009), held that  Booker did not apply in § 3582(c)(2) proceedings, but argues that Melvin was wrongly decided.  He argues further that the district court should have considered that he had successfully completed a drug abuse program and that unequal application of § 3582(c)(2) based on whether a defendant was sentenced before or

---

[1]  The district court sentenced appellant to prison for 87 months for the cocaine offense and a concurrent 12 months for the marijuana offense.

after Booker denies him due process and equal protection of the law.

A district court may modify a term of imprisonment on the ground that the Guidelines sentence range has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Resentencing under § 3582(c)(2) is not available under Amendment 706, however, unless the amendment lowers the defendant's base offense level and Guidelines sentence range. United States v. James, 548 F.3d 983, 986 (11th Cir. 2008). Amendment 706 did not lower the base offense level for appellant's cocaine offense; hence, it is inapplicable here. Melvin forecloses appellant's Booker argument, as well as his arguments based on his satisfactory completion of the drug abuse program and the Due Process and Equal Protection Clauses. Section 3582(c)(2) is not a vehicle for revisiting the merits of appellant's sentence.

AFFIRMED.