[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12669
Non-Argument Calendar

_____

D. C. Docket No. 96-08004-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIRK MITCHELL DAVILA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 24, 2009)**

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Kirk Davila, a federal prisoner convicted of a crack-cocaine offense, appeals

the district court's ruling on his motion to reduce his sentence under 18 U.S.C.

§ 3582(c)(2). After review, we affirm.

Under § 3582, a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1) (Supp. May 1, 2008). Section 3582(c)(2) requires a sentence reduction to be consistent with the Sentencing Guidelines' policy statements, which include U.S.S.G. § 1B1.10. See 18 U.S.C. § 3582(c)(2). Section 1B1.10(b)(2) and its commentary preclude a district court from reducing a defendant's sentence below the new, amended guidelines range if the defendant's original sentence fell within the then-applicable guidelines range. See U.S.S.G. § 1B1.10(b)(2)(A)-(B) & cmt. n.3.

Davila's § 3582(c)(2) motion is based on Amendment 706 to the Sentencing Guidelines, which lowered most of the base offense levels under U.S.S.G. § 2D1.1 for crack-cocaine offenses. Davila's original guidelines range was 324 to 405 months' imprisonment, and the district court's original 324-month sentence was at the low end of that range. After Amendment 706, Davila's offense level was reduced by two levels, yielding a new guidelines range of 262 to 327 months' imprisonment. The district court granted Davila's § 3582(c)(2) motion and

reduced Davila's sentence to 262 months' imprisonment, at the low end of the new, amended guidelines range. The district court denied Davila's § 3582(c)(2) request to sentence him below that new, amended guidelines range pursuant to United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005) and Kimbrough v. United States, ___ U.S. ___, 128 S. Ct. 558 (2007).

On appeal, Davila argues that the district court erred when it failed to apply Booker and treat the new guidelines range and U.S.S.G. § 1B1.10(b)(2) as advisory.[1] However, as explained above, § 3582(c)(2) requires a sentence reduction to be consistent with the Sentencing Guidelines' policy statements and in turn § 1B1.10(b)(2) and its commentary preclude the reduction in Davila's case. This Court recently held "that Booker and Kimbrough do not apply to § 3582(c)(2) proceedings" and that "Booker and Kimbrough do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission." United States v. Melvin, No. 08-13497, ___ F.3d ___, 2009 WL 236053, at **1, 3 (11th Cir. Feb. 3, 2009). Because Davila's original sentence was within the then-applicable guidelines range, U.S.S.G. § 1B1.10(b)(2) and its commentary precluded the

---

[1] In the § 3582(c)(2) context, "we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008), cert. denied, 77 U.S.L.W. 3398 (U.S. Jan. 12, 2009) (No. 08-7610). We also review de novo questions of statutory interpretation. Id.

district court from reducing Davila's sentence below the new, amended guidelines range.

**AFFIRMED.**