[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15089
Non-Argument Calendar

_____

D. C. Docket No. 99-00026-CR-ORL-19DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL TARNELL DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 2, 2009)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Michael Tarnell Davis, a federal prisoner convicted of a crack-cocaine

offense, appeals the district court's ruling on his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). After review, we affirm.

Under § 3582, a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1) (Supp. May 1, 2008). Section 3582(c)(2) requires a sentence reduction to be consistent with the Sentencing Guidelines' policy statements, which include U.S.S.G. § 1B1.10. See 18 U.S.C. § 3582(c)(2). Section 1B1.10(b)(2) and its commentary preclude a district court from reducing a defendant's sentence below the new, amended guidelines range if the defendant's original sentence fell within the then-applicable guidelines range. See U.S.S.G. § 1B1.10(b)(2)(A)-(B) & cmt. n.3.

Davis's § 3582(c)(2) motion is based on Amendment 706 to the Sentencing Guidelines, which lowered most of the base offense levels under U.S.S.G. § 2D1.1 for crack-cocaine offenses. Davis was convicted of possession with intent to distribute crack cocaine and two firearms offenses. Davis's original guidelines range for his crack cocaine offense was 210 to 262 months' imprisonment, and the district court's original 210-month sentence on the crack offense was at the low

2

end of that range.[1]

After Amendment 706, Davis's offense level was reduced by two levels, yielding a new guidelines range of 168 to 210 months' imprisonment for the crack cocaine offense. The district court granted Davis's § 3582(c)(2) motion and reduced Davis's sentence for the crack offense to 168 months' imprisonment, at the low end of that new, amended guidelines range.[2] The district court denied Davis's § 3582(c)(2) request to sentence him below the new, amended guidelines range pursuant to United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005) and Kimbrough v. United States, ___ U.S. ___, 128 S. Ct. 558 (2007).

On appeal, Davis argues that the district court erred when it failed to apply Booker and instead treated U.S.S.G. § 1B1.10(b)(2) and the new, amended guidelines range as mandatory rather than advisory.[3] However, as explained above, § 3582(c)(2) requires a sentence reduction to be consistent with the Sentencing Guidelines' policy statements and in turn § 1B1.10(b)(2) and its

---

[1]The district court imposed a total 270-month sentence due to a 60-month consecutive sentence for one of the firearms offenses.

[2]Thus, with the 60-month consecutive sentence for the firearms offense, Davis's new total sentence was 228 months' imprisonment.

[3]We review de novo the district court's legal conclusions regarding the scope of its authority to reduce a sentence under § 3582(c)(2). United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008), cert. denied, 77 U.S.L.W. 3398 (U.S. Jan. 12, 2009) (No. 08-7610). We also review de novo questions of statutory interpretation. Id.

commentary preclude the reduction in Davis's case.  This Court recently held "that Booker and Kimbrough do not apply to § 3582(c)(2) proceedings" and that "Booker and Kimbrough do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission."  United States v. Melvin, No. 08-13497, ___ F.3d ___, 2009 WL 236053, at **1, 3 (11th Cir. Feb. 3, 2009).  Because Davis's original sentence was within the then-applicable guidelines range, U.S.S.G. § 1B1.10(b)(2) and its commentary precluded the district court from reducing Davis's sentence below the new, amended guidelines range.

**AFFIRMED.**