[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13497

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 03, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-60192 CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

EDWARD MELVIN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 3, 2009)**

Before TJOFLAT, BLACK and COX, Circuit Judges.

PER CURIAM:

We decide in this appeal whether *United States v. Booker*, 543 U.S. 220, 125

S. Ct. 738 (2005), and *Kimbrough v. United States*, __ U.S. __, 128 S. Ct. 558 (2007),

prohibit Congress or the Sentencing Commission from limiting the discretion of a

district court in reducing a sentence under 18 U.S.C. § 3582(c)(2). Concluding that *Booker* and *Kimbrough* do not apply to § 3582(c)(2) proceedings, we hold that a district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission.

## I. BACKGROUND

In 2004, Edward Melvin pleaded guilty to three counts charging distribution and possession with intent to distribute crack cocaine within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1) and 860. Melvin's last sentencing was in September of 2006, following prior appeals that resulted in remands for resentencing.

Under the Sentencing Guidelines, Melvin's total offense level was 25 and his criminal history category was V, which yielded a sentencing guideline range of 100 to 125 months' imprisonment. The district court, mindful that the guidelines were merely advisory under *Booker*, sentenced Melvin to 100 months' imprisonment on each count, to run concurrently. On August 15, 2007, these sentences were affirmed on direct appeal. *United States v. Melvin*, 241 F. App'x 692, 697 (11th Cir. 2007).

On November 1, 2007, the United States Sentencing Commission promulgated Amendment 706 (later amended by Amendment 711) to the Sentencing Guidelines, which reduced the base offense level for crack cocaine offenses two levels.

Amendment 706, as amended by Amendment 711, is retroactive. U.S. Sentencing Guidelines Manual § 1B1.10(c) (2008).

On March 3, 2008, Melvin filed a motion to reduce his sentences under 18 U.S.C. § 3582(c)(2), arguing that his offense level under the amended guidelines was now 23, with a sentencing range of 84 to 105 months' imprisonment. Melvin asked the district court for a reduction in his sentences that would reflect the new lower guideline range. Melvin also asked the district court for reduced sentences that were even lower than the amended guideline range, arguing that *Booker* and *Kimbrough* rendered all guidelines advisory only, even in a § 3582(c)(2) proceeding.

The district court agreed with Melvin, and reduced his sentences to 75 months' imprisonment on each count, with the sentences to run concurrently, even though the applicable guideline range after Amendment 706 was 84 to 105 months. The Government appeals.

## II. ISSUES ON APPEAL AND CONTENTIONS OF THE PARTIES

The issue on appeal is whether *Booker* and *Kimbrough* preclude Congress and the Sentencing Commission from placing any limitation on the extent to which a sentence can be reduced under 18 U.S.C. § 3582(c)(2).

The Government contends that *Booker* and *Kimbrough* do not apply to reductions in sentences made pursuant to § 3582(c)(2). Melvin responds that any

limitation Congress and the Sentencing Commission place upon a sentence reduction under § 3582(c)(2) is equivalent to a mandatory sentencing guideline, which *Booker* and *Kimbrough* prohibit. Additionally, Melvin argues that *Kimbrough*, independently of *Booker*, renders all crack cocaine guidelines purely advisory, regardless of the context in which they are applied.

## III. STANDARD OF REVIEW

We review de novo the district court's determination of the scope of its authority to reduce a sentence under 18 U.S.C. § 3582. *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002).

## IV. DISCUSSION

The Government argues that the district court erred in not following the clear language of 18 U.S.C. § 3582(c)(2), which precludes reduction of a sentence in a manner inconsistent with any applicable policy statements issued by the Sentencing Commission. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that--
>
> * * *
>
> > (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the

4

defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c) (emphasis added). The policy statement generally applicable to § 3582(c)(2) proceedings first tells the district court how to calculate a new sentencing guideline range:

In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2008). The policy statement goes on to instruct the district court not to reduce a sentence below the new guideline range: "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guidelines range determined under [§ 1B1.10(b)(1)]." *Id.* at § 1B1.10(b)(2)(A). Following the policy statement, the amended guideline range in this case is 84 to 105 months' imprisonment, and therefore the policy statement

5

prohibits the reduction of Melvin's sentences to a term of imprisonment less than 84 months.

The Government argues, therefore, that the district court should not have reduced Melvin's sentences below 84 months, the lowest term of imprisonment under the amended guidelines. The Government urges us to vacate the district court's reduction of Melvin's sentences to 75 months. Melvin responds that, while it is true that the amended guidelines provide for sentences of no less than 84 months, these guidelines, even in a proceeding under § 3582(c)(2), are merely advisory after the Supreme Court decisions in *Booker* and *Kimbrough*. He argues that the policy statement's language, which forbids the reduction of the sentence to a term of imprisonment less than the amended guidelines provide, creates a mandatory sentencing guideline that is impermissible after *Booker* and *Kimbrough*.

Four other circuits have directly addressed this issue; three of them have held that *Booker* and *Kimbrough* do not apply to § 3582(c)(2) motions. *United States v. Starks*, __ F.3d __, No. 08-2590, 2009 WL 66115 (8th Cir. Jan. 13, 2009); *United States v. Dunphy*, __ F.3d __, No. 08-6919, 2009 WL 19139 (4th Cir. Jan 5, 2009); *United States v. Rhodes*, 549 F.3d 833 (10th Cir. 2008). Among the circuits, only the Ninth Circuit has held that *Booker* prohibits any limitation on a district court's

discretion in reducing a sentence under § 3582(c)(2). *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007).

We agree with those circuits that have held that *Booker* and *Kimbrough* do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission.

First, we agree that, whereas *Booker* clearly applies to original sentencing proceedings, it does not address motions to reduce a sentence under § 3582(c)(2). *Starks*, 2009 WL 66115, at *2; *Dunphy*, 2009 WL 19139, at *4; *Rhodes*, 549 F.3d at 839-840. A proceeding under § 3582(c)(2) is not a full resentencing hearing. *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2001). Indeed, a defendant's sentence cannot be increased under § 3582(c)(2), and thus none of the concerns in *Booker* about a judge increasing a defendant's sentence based on facts not found by a jury are present in a proceeding under § 3582(c)(2). *See Starks*, 2009 WL 66115, at *3 (holding that narrow scope of § 3582(c)(2) proceeding distinguishes it from sentencing proceedings at issue in *Booker*); *Dunphy*, 2009 WL 19139, at *4 (same); *Rhodes*, 549 F.3d at 839-40 (same).

Second, *Booker* excised all the statutory provisions of the Sentencing Reform Act of 1984 which provided for the kind of mandatory sentencing guidelines *Booker* prohibited. It is significant, therefore, that *Booker* did not excise § 3582(c)(2). To

remedy the constitutional defect it saw in the application of the mandatory guidelines, the Court excised 18 U.S.C. § 3553(b) and 18 U.S.C. § 3742(e), and then declared, "With these two sections excised . . . , the remainder of the [Sentencing Reform] Act [of 1984] satisfies the Court's constitutional requirements." *Booker*, 543 U.S. at 259, 125 S. Ct. at 764. The *Booker* Court's decision not to excise § 3582(c)(2), even though it only allows a district court to reduce a prisoner's sentence if such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission, is strong evidence that § 3582(c)(2) does not violate the holding of *Booker*. *See Starks*, 2009 WL 66115, at *2 (discussing *Booker* Court's decision to not excise § 3582(c)(2)); *Dunphy*, 2009 WL 19139, at *4 (same). Indeed, we previously have said that "*Booker* is inapplicable to § 3582(c)(2) motions."[1] *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005).

Even if we were to construe *Booker* as applying to § 3582(c)(2) proceedings, there is no mandatory sentencing guideline that would run afoul of *Booker*. As the Fourth Circuit noted in *Dunphy*, there are no mandatory guidelines under § 3582(c)(2) since a court is not required to reduce a movant's sentence. 2009 WL 19139, at *4; s*ee also United States v. Speights*, 561 F. Supp.2d 1277, 1279 (S.D.

---

[1]In *Moreno*, we addressed whether *Booker* alone, absent a retroactive amendment to the guidelines, was sufficient to permit a defendant to seek a sentence reduction under § 3582(c)(2). We held that it was not.

Ala. 2008) (discussing discretionary nature of decision to even reduce sentence at all under § 3582(c)(2)).

Finally, we disagree with Melvin that *Kimbrough* could apply here even though *Booker* does not. The *Kimbrough* Court explicitly stated that, "We granted certiorari . . . to determine whether the crack/powder disparity adopted in the United States Sentencing Guidelines has been rendered 'advisory' by our decision in *Booker*." __ U.S. __, 128 S. Ct. at 565-66 (2007). The Court addressed the issue in the context of an original sentencing proceeding under 18 U.S.C. § 3553, and neither mentioned nor addressed any proceeding under § 3582(c)(2). *Id.* at __, 128 S. Ct. at 564-65. *Kimbrough*, therefore, does not control because it addresses an original sentencing proceeding under an advisory guideline system.

## V. CONCLUSION

The district court was only permitted under § 3582(c)(2) to reduce Melvin's sentences consistent with the applicable policy statements of the Sentencing Commission. The applicable policy statement prohibits the district court's reduction of Melvin's sentences to a term of imprisonment of less than 84 months. The district court erred in relying on *Booker* and *Kimbrough* to reduce Melvin's sentences to 75 months' imprisonment. Therefore, we VACATE the district court's order reducing

9

the custody sentence and REMAND with instructions to impose a custody sentence of not less than 84 months.

VACATED AND REMANDED WITH INSTRUCTIONS.