[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 9, 2009
THOMAS K. KAHN
CLERK

No. 08-12321
_____

D.C. Docket No. 92-04013-CR-4-WS-WCS

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

MARLIN DAVIS,
a.k.a. Marlin Oliver,
a.k.a. Boliver D. Oliver,
a.k.a. Marlin Dalton,
a.k.a. Dalton Oliver,
a.k.a. Darryl Dalton,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 9, 2009)

Before BARKETT, PRYOR and FARRIS,[*] Circuit Judges.

PER CURIAM:

Marlin Davis appeals from the order reducing his sentence pursuant to 18 U.S.C. §3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines.[1]  In filing his §3582(c)(2) motion, Davis argued that under Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005), the district court could consider evidence to depart below the amended Guideline range in resentencing, as this range was only advisory.  The district court disagreed, granting only the two-level reduction in accordance with Amendment 706, and resentencing Davis to the minimum term permitted by the amended Guideline range.

We affirm based on United States v. Melvin, No. 08-13497, 2009 WL 236053 (11th Cir. Feb. 3, 2009).

AFFIRMED.

---

[*] Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

[1] Amendment 706, which became retroactive as of March 3, 2008, U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008), reduced by two the base offense levels in crack cocaine sentences calculated pursuant to U.S.S.G. § 2D1.1(c).