[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12040
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 20, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00106-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AMANDALO D. MEANS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 20, 2009)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

This appeal presents the question whether the district court erred when it

determined that it lacked the authority to reduce Amandalo Means's sentence below the amended range provided by the Sentencing Guidelines. Our recent decision in United States v. Melvin, No. 08-13497 (11th Cir. Feb. 3, 2009), is dispositive. Because the district court did not err, we affirm.

## I. BACKGROUND

In 2005, Amandalo D. Means pleaded guilty to three counts of distributing five or more grams of cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). At sentencing, the district court calculated a base offense level of 32 and then awarded Means a downward adjustment for acceptance of responsibility for his offense, U.S.S.G. § 3E1.1. Based on Means's total offense level of 29 and his criminal history category III designation, the Sentencing Guidelines provided an advisory sentencing range of 108 to 135 months of imprisonment. The district court sentenced Means to 108 months of imprisonment, the low end of the range, for each count, with the sentences to be served concurrently. Means's direct appeal was dismissed.

In March 2008, Means filed a motion to reduce his sentence, 18 U.S.C. § 3582(c)(2), based on Amendments 706 and 711 to the Sentencing Guidelines, which retroactively reduced the base offense level for certain crack cocaine offenses. Means also sought an additional two-step reduction in his sentence due

to the financial hardship of his family.  Means argued that the district court had discretion to reduce his sentence below the amended range under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

Based on Amendment 706, the district court recalculated Means's sentencing range as 87 to 108 months of imprisonment and reduced his sentence to 87 months in prison for each count to be served concurrently.  The district court denied Means's request for an additional reduction below the amended range.  The court concluded that Booker did not apply to resentencing proceedings under section 3582(c)(2) and it lacked the authority to further reduce Means's sentence.

## II.  STANDARD OF REVIEW

"[W]e review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines."  United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam).

## III.  DISCUSSION

Under section 3582(c)(2), a district court may reduce an original sentence following an amendment to the Sentencing Guidelines if the reduction complies with policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  According to the policy statements, the district court "shall determine the amended guideline range that would have been applicable to the defendant if

3

the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced" and then may grant a reduction to the original sentence. U.S.S.G. § 1B1.10(b)(1). In reducing a sentence, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under" section 1B1.10(b)(1) of the Guidelines. Id. § 1B1.10(b)(2)(A). Because Means's amended sentencing range is 87 to 108 months of imprisonment, the policy statement prohibits the district court from reducing Means's sentence to less than 87 months.

Means argues that Booker and Kimbrough v. United States, __ U.S. __, 128 S. Ct. 558 (2007), render the Sentencing Guidelines advisory in resentencing proceedings and the district court erred when it concluded that it lacked the authority to grant a sentence reduction below the amended Guidelines range. We disagree. Our recent decision in United States v. Melvin, No. 08-13497 (11th Cir. Feb. 3, 2009), forecloses this argument.

In Melvin, we ruled that Booker and Kimbrough apply to original sentencing proceedings and do "not address motions to reduce a sentence under § 3582(c)(2)." Id. at 7, 9. The district court correctly concluded that it lacked authority to reduce Means's sentence below the amended guideline range under section 3582(c)(2).

4

See id. at 9.  The applicable policy statement prohibits the district court from reducing Means's sentence below 87 months, and the refusal of the district court to grant a further reduction was not error.

## IV.  CONCLUSION

Means's sentence is **AFFIRMED.**