[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14176
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 12, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 98-00307-CR-T-26-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMIAH HUDSON, JR.,
a.k.a. JJ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 12, 2009)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jeremiah Hudson, Jr., a federal prisoner convicted of crack cocaine offenses, through counsel, appeals the district court's grant of his motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2). Hudson's motion was based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels associated with crack-cocaine offenses. This appeal presents the following factual situation: the district court granted Hudson's § 3582(c)(2) motion, reduced his offense level by two levels, and sentenced him at the lowest point in his amended Guidelines range. In so doing, the court declined Hudson's request to impose a variance below the amended Guidelines range in the § 3582(c)(2) proceeding, indicating that, even if it had the authority to impose a variance below the amended Guidelines range under *United States v. Booker*, 125 S. Ct. 738 (2005), it would impose the same sentence. On appeal, Hudson generally argues that the district court erred in denying his request to reduce his sentence below the low-end of the amended Guidelines range, finding it lacked authority under *Booker* to do so.

We recently addressed whether *Booker* and *Kimbrough v. United States*, 128 S. Ct. 558 (2007), prohibit Congress or the Sentencing Commission from limiting the discretion of a district court in reducing a sentence under 18 U.S.C. § 3582(c)(2). *See United States v. Melvin*, ___ F.3d ___, No. 08-13497, 2009 WL

236053, at *1 (11th Cir. Feb. 3, 2009). Concluding *Booker* and *Kimbrough* do not apply to § 3582(c)(2) proceedings, we held a district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission. *Id.*

Based upon our holding in *Melvin*, Hudson's argument that the district court should have sentenced him below the amended Guidelines range is without merit. The applicable policy statement here, U.S.S.G. § 1B1.10(b)(2), and its commentary preclude a district court from reducing a defendant's sentence below the amended Guidelines range if the defendant's original sentence fell within the then-applicable Guidelines range. Accordingly, we affirm Hudson's sentence.

**AFFIRMED.**