[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13879
Non-Argument Calendar

_____

D. C. Docket No. 03-00056-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEXTER LEON GRANT,
a.k.a. Leon,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 13, 2009)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Dexter Leon Grant, a federal prisoner convicted of a crack cocaine offense, appeals the district court's partial grant of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction under Sentencing Guidelines Amendment 706, which lowered the base offense levels applicable to crack cocaine offenses. Grant's initial sentencing range was 151 to 188 months' imprisonment, based on a total offense level of 34. The district court determined his amended range was 121 to 151 months' imprisonment, based on an offense level of 32. The district court reduced Grant's sentence to 121 months' imprisonment, but expressly refused to reduce his sentence further pursuant to *United States v. Booker*, 125 S. Ct. 738 (2005), finding *Booker* was inapplicable to § 3582(c)(2) proceedings.

On appeal, Grant disputes the district court's conclusion that U.S.S.G. § 1B1.10 restricted its authority to reduce his sentence pursuant to § 3582(c)(2). He argues the district court erred by treating the Guidelines as mandatory when ruling on his § 3582(c)(2) motion. He asserts, after the *Booker* decision, all of the Guidelines, including § 1B1.10, are advisory, and the Sentencing Commission is not permitted to authorize the retroactive application of a particular guideline, allowing the district court to reimpose sentence, and then limit the district court's discretion in imposing the sentence.

A district court may not modify a term of imprisonment once it has been

imposed except where expressly permitted by statute or by Federal Rule of Criminal Procedure 35. *See* 18 U.S.C. § 3582(c)(1)(B). These exceptions include relief under § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The applicable policy statement in this case is U.S.S.G. § 1B1.10, which pertains to Guidelines amendments that may be applied retroactively, including Amendment 706. Section 1B1.10 provides, in cases in which the defendant received a within-Guidelines sentence at his original sentencing, a reduction pursuant to § 3582(c)(2) shall not be less than the minimum of the amended Guidelines range. § 1B1.10(b)(2)(A)-(B) & cmt. n.3.

This Court recently addressed whether *Booker* prohibits Congress or the Sentencing Commission from limiting the discretion of a district court in reducing a sentence under 18 U.S.C. § 3582(c)(2). *See United States v. Melvin*, ___ F.3d ___, No. 08-13497, 2009 WL 236053, at *1 (11th Cir. Feb. 3, 2009). Concluding *Booker* does not apply to § 3582(c)(2) proceedings, we held a district court is

3

bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission. *Id.*

The applicable policy statement here, § 1B1.10, and its commentary preclude a district court from reducing a defendant's sentence below the amended Guidelines range if the defendant's original sentence fell within the then-applicable Guidelines range. Grant's original sentence was within the Guidelines range. Accordingly, the district court was not permitted under § 1B1.10 to sentence Grant to a term below the amended Guidelines range. Based upon our holding in *Melvin*, Grant's argument that the district court erred by concluding it lacked authority to reduce his sentence below the amended Guidelines range is without merit.

**AFFIRMED.**