[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14948
Non-Argument Calendar

_____

D. C. Docket No. 05-00461-CR-T-23-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOE NATHAN GRAHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 16, 2009)**

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Joe Nathan Graham is serving a federal prison sentence of 108 months for a

crack cocaine offense.  (The Guidelines sentence range prescribed a sentence of 108 to 135 months' imprisonment.)  The district court, acting <u>sua sponte</u>, reduced his sentence to 87 months pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706 of the Sentencing Guidelines.  The court found that, under Amendment 706, Graham was entitled to a two-level reduction of his offense level. That reduction, coupled with his category II criminal history, yielded a sentence range of 87 to 108 months' imprisonment.

Graham now appeals his reduced sentence on the ground that the district court should have exercised its discretion under <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and reduced his sentence to a term of 60 months under <u>Kimbrough v. United States</u>, 552 U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and <u>Gall v. United States</u>, 552 U.S. ___, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), because a sentence of 60 months would be "sufficient to fulfill the purposes of sentencing under 18 U.S.C. § 3553(a)."

In his brief to us, Graham argues that the district court misconstrued <u>United States v. Moreno</u>, 421 F.3d 1217 (11th Cir. 2005), in finding that <u>Booker</u> is inapplicable to § 3582 proceedings.  He asserts that, under <u>Booker</u>, the Sentencing Guidelines and policy statements are advisory in § 3582 proceedings.  Thus, the district court had authority to sentence him below the sentence range.

This court's recent decision in <u>United States v. Melvin</u>, ___ F.3d ____, 2009 WL 236053 (C.A. 11 (Fla.)), forecloses Graham's argument.  The district court's decision is, accordingly,

AFFIRMED.