[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14646
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00087-CR-T-24-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AVONTA DINKENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 20, 2009)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Avonta Dinkens appeals from the district court's order granting his 18 U.S.C. § 3582(c)(2) motion for sentence reduction. On appeal, he argues that the district court erroneously failed to consider his arguments in support of a sentence below the amended guidelines range, based on United States v. Booker, 543 U.S.

220 (2005), and <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007). After careful review, we affirm.

We review the district court's legal conclusions and questions of statutory interpretation in a § 3582(c)(2) proceeding <u>de novo</u>. <u>United States v. Moore</u>, 541 F.3d 1323, 1326 (11th Cir. 2008), <u>cert. denied</u>, 129 S. Ct. 965 (2009), <u>pet. for cert. filed</u> (Feb. 2, 2009) (No. 08-8554).

The relevant factual and procedural history is as follows. In 2006, Dinkens pled guilty to one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) ("Count 1"), and one count of possession with intent to distribute five grams or more of cocaine base (crack cocaine), 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) ("Count 2"). The district court calculated Dinkens's offense level at 29 and his criminal history category at IV, resulting in a guidelines range of 121 to 151 months' imprisonment, and sentenced Dinkens to 120 months' imprisonment on Count 1 and 121 months' imprisonment on Count 2, to run concurrently. The district court subsequently granted a motion by the government pursuant to Federal Rule of Criminal Procedure 35(b) and departed downward four levels to an offense level of 25, which resulted in a guidelines range of 84 to 105 months' imprisonment. The district court then sentenced Dinkens to 84 months' imprisonment as to Counts 1 and 2, to run concurrently.

2

Dinkens filed the instant § 3582(c)(2) motion based on Amendment 706 to the Sentencing Guidelines, which, in connection with Amendment 713, retroactively reduced the base offense levels for crack cocaine offenses by two levels. The district court found that Dinkens was eligible for relief under the Amendment. Accounting for the Rule 35(b) reduction, the district court calculated Dinkens's amended offense level at 23, which, when combined with a criminal history category of IV, resulted in a guidelines range of 70 to 87 months. The district court ultimately reduced Dinkens's sentence to 70 months.

We find no merit in Dinkens's argument that the district court erred in reducing his sentence pursuant to 18 U.S.C. § 3582(c)(2). A district court generally cannot modify a term of imprisonment once it has been imposed, but § 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, <u>if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.</u>

18 U.S.C. § 3582(c)(2) (emphasis added). The applicable policy statement instructs that in determining the extent of a reduction of a defendant's term of imprisonment based on a retroactive guidelines amendment, the district court

3

"shall substitute only the [retroactive amendment] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1) (2008). The policy statement further provides that "[i]f the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). Otherwise, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under [§ 1B1.10(b)(1)]." U.S.S.G. § 1B1.10(b)(2)(A).

We recently addressed whether Booker and Kimbrough prohibit Congress and the Sentencing Commission from limiting the extent to which a district court may reduce a sentence under § 3582(c)(2). See United States v. Melvin, No. 08-13497, 2009 WL 236053 (11th Cir. Feb. 3, 2009), pet. for cert. filed (Feb. 10, 2009) (No. 08-8664). We concluded that Booker and Kimbrough did not apply to § 3582(c)(2) proceedings, and that "a district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission." Id. at *1.

4

In light of our decision in <u>Melvin</u>, we are compelled to reject Dinkens's argument that the district court had the authority to reduce his sentence below his amended range pursuant to <u>Booker</u> and <u>Kimbrough</u>.  Rather, the district court was only permitted under § 3582(c)(2) to reduce Dinkens's sentence consistent with the applicable policy statement, which only allowed a reduction below the amended guidelines range to the extent that was comparable with previous reductions.  <u>See</u> U.S.S.G. § 1B1.10(b)(2)(B).  As the record here shows, the district court reduced Dinkens's guidelines range to the extent authorized by § 3582(c)(2) and the § 1B1.10 policy statement.  Accordingly, we affirm.

**AFFIRMED.**