[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 7, 2009
THOMAS K. KAHN
CLERK

No. 08-14751
Non-Argument Calendar

_____

D. C. Docket No. 98-00108-CR-2-LSC-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IMARI MAISHA MACKEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 7, 2009)

Before CARNES, WILSON, and PRYOR, Circuit Judges.

PER CURIAM:

Imari Maisha Mackey, proceeding pro se, appeals the denial of his 18 U.S.C.

§ 3582(c)(2) motion for a reduced sentence based on Amendment 706 to the Sentencing Guidelines. The district court denied Mackey's § 3582(c)(2) motion because Amendment 706 did not have the effect of lowering his guideline range. His guidelines range was 360 months to life before the amendment and would have been 360 months to life after the amendment. Mackey argues that the district court erred by declining to reduce his sentence without first considering the sentencing factors identified in 18 U.S.C. § 3553(a).

Under § 3582(c)(2) a sentence reduction must be consistent with the Commission's policy statement, which is found at U.S.S.G. § 1B1.10. In that policy statement the Commission has instructed us that a reduction is not consistent with the applicable policy statement if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (Nov. 2008). That limitation on the scope of Amendment 703 is not affected by the United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), decision. See United States v. Melvin, 556 F.3d 1190, 1192 (11th Cir. 2009). Accordingly, there is no basis for any requirement that a district court consider the § 3553(a) factors, which do not affect the actual guidelines range, before deciding whether it can reduce a sentence under Amendment 706.

**AFFIRMED**