[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15960
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-10037-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEDRICK BROOKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 9, 2009)

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

In United States v. Brooks, 93 Fed.Appx. 903, PIN (11th Cir. 2002), we

affirmed appellant's prison sentence of 168 months[1] on a plea of guilty to distribution of at least five grams of cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 841(a).  On March 6, 2006, appellant moved the district court to reduce his sentence under 18 U.S.C. § 3582(c) based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels applicable to crack cocaine offenses.  The court denied his motion on the ground that, having been sentenced as a career offender under U.S.S.G. § 4B1.1, he was not eligible for relief under Amendment 706.  He now appeals, arguing that he was eligible for relief because at his sentencing, the court departed downward from the Guidelines sentence range based on its finding that his criminal history category substantially overrepresented his criminal record; hence, he was not sentenced as a career offender.   He also argues that the court had the authority to reduce his sentence in accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

A district court may reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Any reduction, however, must be "consistent with applicable policy

---

[1]  The Guidelines prescribed a sentence range of 168 to 210 months' imprisonment.

statements issued by the Sentencing Commission." Id. The applicable policy statements provide that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if . . . [a retroactive amendment] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, comment. (n.1(A)).

Here, although, at sentencing, the court departed downward in arriving at appellant's criminal history category, his offense level was calculated by application of the career offender provision. Accordingly, the applicable sentence range was not affected by Amendment 706, and he is ineligible for sentence reduction. See United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554). Booker provides appellant no assistance because it does not apply to § 3582(c)(2) proceedings. Therefore, the court was bound by the limitations imposed by U.S.S.G. § 1B1.10. See United States v Melvin, No. 08-13497, manuscript op. at 7 (11th Cir. Feb. 3, 2009) (holding that Booker does not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"),

petition for cert. filed, (U.S. Feb. 10, 2009) (No. 08-8664).

AFFIRMED.