[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12300
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 10, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 95-06031-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRACY TOPAZ TURNER,
a.k.a. Tracy Thomas,
a.k.a. Tony Brow,
a.k.a. Tony H. Brown,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 10, 2009)

Before BIRCH, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Tracy Turner, proceeding pro se, appeals the district court's denial of his motion for modification of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendments 706 and 711 to the Sentencing Guidelines, and the denial of his motion for reconsideration. Turner acknowledges that he was sentenced as a career offender but argues that he is nevertheless eligible for a reduction because U.S.S.G. § 2D1.1 should serve at the starting point for the reduction. He also appears to argue that the court should have granted a sentence below any amended range. For the reasons set forth below, we affirm.

**I.**

A jury convicted Turner of one count of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and two counts of possession with intent to distribute crack cocaine, in violation of § 841(a)(1). A probation officer determined that Turner qualified as a career offender and set his base offense level at 37 and criminal history category at VI, pursuant to U.S.S.G. § 4B1.1. Turner's guideline imprisonment range was 360 months to life. The district court imposed concurrent terms of 360 months' imprisonment. On March 4, 2008, Turner submitted the instant pro se § 3582(c)(2) motion, asserting that Amendment 706 to the Guidelines altered his base offense level. The government responded that Turner was not eligible for a reduction

because he was sentenced pursuant to § 4B1.1, rather than § 2D1.1. The district court denied the motion. Turner submitted a motion for reconsideration, which the district court also denied.

## II.

We review de novo "the district court's legal conclusions regarding the scope of its authority under the [Guidelines]." United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554). Pursuant to § 3582(c)(2), a district court may reduce an already-incarcerated defendant's sentence if the sentence was determined using a guideline imprisonment range that retroactive amendments to the Guidelines have reduced, and if such a reduction would be consistent with the policy statements issued by the Sentencing Commission, which are contained in U.S.S.G. § 1B1.10. 18 U.S.C. § 3582(c). The commentary to § 1B1.10 instructs that a defendant is not eligible for a § 3582(c)(2) reduction "if the amendment [in question] does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment.)" U.S.S.G. § 1B1.10, comment. (n.1(A)). Recently, in Moore, 541 F.3d at 1328, we applied this commentary and held that Amendment 706 does

not alter the guideline imprisonment range of a defendant convicted of crack cocaine offenses if that defendant was sentenced as a career offender, pursuant to § 4B1.1. We reasoned that, in that case, the defendant's "base offense level[] under § 2D1.1 played no role in the calculation of [his guideline imprisonment range]," such that Amendment 706's effect on the defendant's base offense level under § 2D1.1 would not affect the guideline imprisonment range pursuant to which he was sentenced. Id. at 1327.

**III.**

The district court did not err in denying Turner's § 3582(c)(2) motion. See Moore, 541 F.3d at 1326. Because Turner was sentenced according to the guideline imprisonment range calculated using § 4B1.1, rather than § 2D1.1, Amendment 706 did not affect his guideline imprisonment range. See Moore, 541 F.3d at 1327-28; U.S.S.G. § 1B1.10, comment. (n.1(A)). Because Turner, therefore, was not eligible for a reduction, whether or not the district court should have considered United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) at re-sentencing is irrelevant. See also United States v. Melvin, No. 08-13497 (11th Cir. Feb. 3, 2009) (holding that Booker is inapplicable at re-sentencing under § 3582(c)(2)), pet. for cert. filed, (U.S. Feb. 10, 2009) (No. 08-8664). Accordingly, we affirm.

**AFFIRMED.**

4