[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15776
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00077-CR-J-25-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BEN LITTLES,
a.k.a. Little Dog,
a.k.a. Ben Little,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 22, 2009)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

In <u>United States v. Littles</u>, 66 Fed.Appx. 844 PIN (11th Cir. 2003), we affirmed Ben Littles's conviction and 235 months' prison sentence for conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. On February 29, 2008, Littles moved the district court pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 706 to the Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine. The district court, relying on a supplemental presentence report and U.S.S.G. § 1B1.10, granted his motion and reduced his prison term to 188 months. Littles now appeals, arguing that the district court erred in its application of § 3582(c)(2) when it refused to sentence him below the minimum of the amended Guidelines sentence range. He contends that, despite the language of § 1B1.10, which constrains the court's authority to vary from the amended sentence range, that section, like all of the Guidelines, is merely advisory under <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentence range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." <u>Id.</u> The applicable policy

statements, found in § 1B1.10, state that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3583(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

Littles's arguments are foreclosed by precedent. We recently held that Booker does not apply to § 3582(c)(2) proceedings and thus the court is bound by the limitations imposed by § 1B1.10 and does not have the authority to sentence below the amended Guidelines sentence range. See United States v Melvin, No. 08-13497, manuscript op. at 7 (11th Cir. Feb. 3, 2009) (holding that Booker does not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), petition for cert. filed, (U.S. Feb. 10, 2009) (No. 08-8664).

AFFIRMED.