[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 6, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14958
Non-Argument Calendar

_____

D. C. Docket No. 93-00252-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIKE RILEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 6, 2009)

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Mike Riley appeals the sentence imposed by the district court following the grant of his *pro se* motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2). Riley's § 3582(c)(2) motion was based on Amendment 706 to the Guidelines, which reduced base offense levels applicable to crack cocaine. Riley's original total offense level was 40, with a criminal history category of I, resulting in a Guidelines range of 292 to 365 months' imprisonment. Riley was originally sentenced to 292 months' imprisonment. Riley's amended total offense level was 38, resulting in an amended Guidelines range of 238 to 293 months' imprisonment. The district court resentenced Riley to 238 months' imprisonment.

Riley asserts the district court erred in its application of § 3582(c)(2) when it refused to sentence him below the minimum of the amended Guidelines range. Riley asserts that, despite the language of U.S.S.G. § 1B1.10, which constrains the court's authority to vary from the amended range, that section, like all of the Guidelines, is merely advisory under *United States v. Booker*, 125 S. Ct. 738 (2005).

We recently addressed whether *Booker* and *Kimbrough v. United States*, 128 S. Ct. 558 (2007), prohibit Congress or the Sentencing Commission from limiting the discretion of a district court in reducing a sentence under 18 U.S.C. § 3582(c)(2). *See United States v. Melvin*, 556 F.3d 1190, 1190 (11th Cir. 2009),

2

*petition for cert. filed*, (U.S. Feb. 10, 2009) (No. 08-8664). Concluding *Booker* and *Kimbrough* do not apply to § 3582(c)(2) proceedings, we held a district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission. *Id.*

Based upon our holding in *Melvin*, Riley's argument the district court should have sentenced him below the amended Guidelines range is without merit. The applicable policy statement, U.S.S.G. § 1B1.10(b)(2), and its commentary preclude a district court from reducing a defendant's sentence below the amended Guidelines range if the defendant's original sentence fell within the then-applicable Guidelines range. Accordingly, we affirm Riley's sentence.

**AFFIRMED.**