[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16843
Non-Argument Calendar

_____

D. C. Docket No. 94-00142-CR-1-LSC-ETC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDOLPH HUBBARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 3, 2009)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Randolph Hubbard is a federal prison inmate serving concurrent sentences

of 250 months for conspiracy to possess with intent to distribute cocaine base and for possessing the drug with intent to distribute on two separate occasions. In April 2008, Hubbard moved the district court pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence in accordance with Amendment 706 to the Sentencing Guidelines, which reduced base offense levels for cocaine base offenses. The district court found that Amendment 706 applied and reduced his prison term to 210 months. Nevertheless, the court denied his request for further reduction in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Kimbrough v. United States, 552 U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). Hubbard now appeals the court's decision, arguing that the court erred by not reducing his sentence further based on those cases.

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentence range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). However, the Sentencing Guidelines provide that, in general, a district court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

Hubbard's argument is foreclosed by this court's precedent. See United

States v. Melvin, 556 F.3d 1190, 1193-94 (11th Cir. 2009), petition for cert. filed, (U.S. Feb. 10, 2009) (No. 08-8664) (holding that Booker and Kimbrough do not apply to § 3582(c)(2) proceedings and, accordingly, do not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission").

AFFIRMED.