[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2009
THOMAS K. KAHN
CLERK

No. 08-17252
Non-Argument Calendar

_____

D. C. Docket No. 05-14074-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MACK CHARLES WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 8, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Mack Charles Williams appeals the district court's denial of his motion for a

reduced sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). Williams's § 3582(c)(2) motion was based on Amendment 706 to the United States Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine.

Williams argues that the district court erred as a matter of law in denying his motion for a reduced sentence because he was sentenced as a career offender. Williams concedes that the issue he raises on appeal is controlled by our decision in United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S. Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554), but he argues that Moore was wrongly decided as the sentencing guidelines are fully advisory, even in § 3582 proceedings.

The district court did not err in denying Williams's § 3582(c)(2) motion because he was sentenced as a career offender. Moore, 541 F.3d at 1330 (holding that a district court lacks authority under § 3582(c)(2) to reduce a defendant's sentence when the defendant was sentenced under U.S.S.G. § 4B1.1 as a career offender). Additionally, Williams's argument that the sentencing guidelines are fully advisory, even in § 3582 proceedings, is also foreclosed by precedent. See United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir. 2009) (holding that United States v. Booker, 543 U.S. 220 (2005) does not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the

2

applicable policy statement by the Sentencing Commission"), petition for cert. filed, (U.S. Feb. 10, 2009) (No. 08-8664).  Accordingly, we affirm.

**AFFIRMED.**