[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16834
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 90-08065-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY HATTEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 8, 2009)

Before CARNES, BARKETT  and WILSON , Circuit Judges.

PER CURIAM:

Timothy Hatten appeals the sentence imposed by the district court following

the grant of his motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2). Hatten's § 3582(c)(2) motion was based on Amendments 505, 706, 711, and 715 to the U.S. Sentencing Guidelines, which collectively reduced the base offense levels applicable to crack cocaine offenses. On appeal, Hatten argues that the district court erred in its application of § 3582(c)(2) when it refused to sentence him below the minimum of the amended guideline range. Hatten asserts that, despite the language of U.S.S.G. § 1B1.10, which constrains the court's authority to go below the amended range, that section, like all of the Guidelines, is merely advisory under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statements, found in U.S.S.G. § 1B1.10, state that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended

2

guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

Hatten's argument that he was entitled to a reduction below his amended guideline range is foreclosed by precedent. We recently held that <u>Booker</u> does not apply to § 3582(c)(2) proceedings, and thus, the district court is bound by the limitations imposed by § 1B1.10 and does not have the authority to reduce a defendant's sentence below the amended guideline range. <u>See</u> <u>United States v. Melvin</u>, 556 F.3d 1190, 1192-93 (11th Cir. 2009) (holding that <u>Booker</u> does not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission."), <u>petition for cert. filed</u>, (U.S. Feb. 10, 2009) (No. 08-8664).

**AFFIRMED**