[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10700
Non-Argument Calendar

_____

D. C. Docket No. 03-20387-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE BURNS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 8, 2009)

Before TJOFLAT, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

George Burns appeals the denial of his motion for a reduced sentence. 18

U.S.C. § 3582(c)(2). Burns's motion was based on Amendment 706 to the Guidelines. We affirm.

Burns argues that the district court was entitled to reduce his sentence because the base offense level for his underlying crack cocaine offenses has been altered by Amendment 706, but Burns acknowledges that his argument is foreclosed by our decision in United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008). Burns was sentenced as a career offender. Burns argues that the district court had discretion to reduce his sentence below the amended range under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and Kimbrough v. United States, 128 S. Ct. 558 (2007), but those decisions do not apply to a motion to reduce a sentence. See United States v. Melvin, 556 F.3d 1190, 1191–93 (11th Cir. 2009). The district court did not err by denying Burns's motion.

The denial of Burns's motion for a reduced sentence is **AFFIRMED.**