[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 16, 2009
THOMAS K. KAHN
CLERK

No. 08-16048
Non-Argument Calendar

_____

D. C. Docket No. 92-00425-CR-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARD CHANDLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 16, 2009)

Before EDMONDSON, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Appellant Bernard Chandler, a federal prisoner convicted of crack-cocaine offenses, appeals the district court's denial of his motion for reduction of sentence, filed pursuant to 18 U.S.C. § 3582(c). No reversible error has been shown; we affirm.

Chandler's base offense level was 32 when calculated pursuant to U.S.S.G. § 2D1.1. But Chandler's sentence was enhanced because he was classified as a career offender under U.S.S.G. § 4B1.1: he was at least eighteen years old at the time of the instant drug felony offense; and he had one earlier drug felony conviction and one earlier conviction for a crime of violence. Because the statutory maximum sentence for the offense was life, with the career offender enhancement Chandler's total offense level was 37, U.S.S.G. § 4B1.1; and Chandler's guideline imprisonment range was 360 months to life imprisonment. A low-end guideline range sentence of 360 months' imprisonment was imposed.

Pursuant to 18 U.S.C. § 3582(c)(2), Chandler filed a motion to reduce his sentence based on a retroactive amendment of the guidelines for crack-cocaine offenses.[1] The district court denied the motion. On appeal, Chandler argues that

_____

[1]Amendment 706 revised U.S.S.G. § 2D1.1 by reducing by two levels the offense levels applicable to crack-cocaine offenses. Subject to technical changes effected by Amendment 711, Amendment 706 was made retroactive as of 3 March 2008 by Amendment 713.

he was due a section 3582(c) reduction: his crack-cocaine sentence was based on the amended guideline even if the sentence imposed was otherwise enhanced. Chandler also seeks to argue that United States v. Booker, 125 S.Ct. 738 (2005), requires the guidelines to be applied in an advisory fashion in section 3582(c)(2) proceedings; and that the Sentencing Commission exceeded its authority when it limited section 3582(c)(2) reductions to a two-level decrease. None of these arguments are of merit.

United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, 129 S. Ct. 1601 (2009), and United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir.), cert. denied, 129 S. Ct. 2382 (2009), are dispositive of Chandler's claimed entitlement to a sentence reduction based on Amendment 706. In Moore, the defendants also sought the benefit of Amendment 706 but were sentenced as career offenders; we affirmed that the district court lacked authority under section 3582(c)(2) to grant the requested sentence reductions:

> Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence. Here, although Amendment 706 would reduce the base offense levels applicable to defendants, it would not affect their guideline ranges because they were sentenced as career offenders under § 4B1.1.

3

Moore, 541 F.3d at 1330.  In Melvin, 556 F.3d at 1193, we concluded that United States v. Booker, 125 S.Ct. 738 (2005), has no application to motions to reduce sentence under section 3582(c)(2).   And Chandler's argument that the Sentencing Commission exceeded its authority when it confined the district court's section 3582 authority also is foreclosed by Melvin, 556 F.3d at 1192 (rejecting argument that Booker or Kimbrough v. United States, 128 S.Ct. 558 (2007) prohibit limitations on a judge's discretion in a section 3582 proceeding).  Because Chandler's guideline range was not impacted on by Amendment 706's offense level reduction, the district court was without authority to grant the requested relief.

AFFIRMED.