[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11302
Non-Argument Calendar

_____

D. C. Docket No. 91-00206-CR-ORL-18-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HANIFF ISHMAEL,
a.k.a. Max,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 2, 2009)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Haniff Ishmael, through counsel, appeals the sentence imposed by the

district court following the partial grant of his pro se motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2). Ishmael's § 3582(c)(2) motion was based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels applicable to crack cocaine offenses. On appeal, Ishmael argues that the district court erred in its application of § 3582(c)(2) when it refused to sentence him below the minimum of the amended guideline range. Ishmael asserts that despite the language of U.S.S.G. § 1B1.10, which constrains the court's authority to vary from the amended range, that section, like all of the guidelines, is merely advisory under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statements, found in § 1B1.10, state that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C.

§ 3583(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

Ishmael's arguments are foreclosed by precedent. <u>See</u> <u>United States v. Melvin</u>, 556 F.3d 1190, 1192-93 (11th Cir. 2009) (holding that <u>Booker</u> does not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), <u>cert. denied</u>, ___ S.Ct. ___ (U.S. May 18, 2009) (No. 08-8664). Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1] Ishmael's request for oral argument is denied.