[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16624
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-80196-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE KELLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 16, 2009)

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Clarence Kelley appeals the district court's denial of his motion for a

reduced sentence under 18 U.S.C. § 3582(c)(2). Kelley was sentenced in 2003 to 188 months of imprisonment for distributing five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Kelley concedes, and the record confirms, that his sentence ultimately derived from his designation as a career offender under U.S.S.G. § 4B1.1. He further acknowledges that his case is controlled by United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, ___ U.S. ___ , ___ S. Ct. ___ (2009), in which we concluded that a defendant is ineligible for a sentence reduction under Amendment 706 to the Sentencing Guidelines if his sentence was based on the career offender provision under U.S.S.G. § 4B1.1, rather than on the amount of drugs attributable to him under U.S.S.G. § 2D1.1(c).

We reject Kelley's invitation to reconsider our decision in Moore. We also reject his argument that United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), renders the guidelines advisory in a § 3582(c)(2) proceeding. We have previously held that Booker does not apply to § 3582(c)(2) proceedings. See United States v. Melvin, 556 F.3d 1190, 1193 (11th Cir. 2009) (per curiam), pet. for cert. filed (Feb. 10, 2009) (No. 08-8664). Accordingly, we AFFIRM the district court's denial of Kelley's § 3582(c)(2) motion based on his ineligibility for a sentence reduction under Amendment 706.

**AFFIRMED.**