[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

No. 08-16151
Non-Argument Calendar

_____

D. C. Docket No. 98-00166-CR-J-25TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAWRENCE HOLMAN,
a.k.a. Trick Daddy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 22, 2009)

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Lawrence Holman appeals the denial of his 18 U.S.C. § 3582(c)(2) motion

for a sentence reduction.  That motion was based on Amendment 706 to the Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine.  Holman contends that the district court erred by applying as mandatory an application note prohibiting a reduction where the defendant was sentenced pursuant to the revocation of his supervised release.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).  A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Any reduction, however, must be "consistent with the applicable policy statements issued by the Sentencing Commission." Id.

The commentary to the applicable policy statements, found in U.S.S.G. § 1B1.10, instructs as follows: "Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section.  This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10, cmt. 4(A) (Nov. 2008).  This commentary is binding, so long as it does not violate the Constitution or a

federal statute, and is not plainly erroneous or inconsistent with the guidelines. Cook v. Wiley, 208 F.3d 1314, 1322 n.12 (11th Cir. 2000). It is none of those things.

We recently held that United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), does not apply to § 3582(c)(2) proceedings, and the district court is bound by the limitations imposed by U.S.S.G. § 1B1.10. See United States v. Melvin, 556 F.3d 1190, 1192 (11th Cir. 2009) (holding that Booker does not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"). Accordingly, the district court does not have the authority to reduce a sentence imposed upon revocation of supervised release.

**AFFIRMED.**