[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14642
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 90-00086-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE GILBERT PHILLIPS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(April 27, 2009)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Willie Gilbert Phillips appeals, pro se, from the sentence imposed by the district court following its grant of his counseled motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing

Guidelines. On appeal, Phillips argues that the district court erred in its application of § 3582(c)(2) when it refused to sentence him below the minimum of the amended guideline range. After thorough review, we affirm.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statement provides that, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). The policy statement does allow for one exception, see id., but that exception is not relevant here.

Phillips's argument is foreclosed by precedent. We recently held that Booker does not apply to § 3582(c)(2) proceedings, and thus, the district court is bound by the limitations imposed by § 1B1.10 and does not have the authority to

sentence below the amended guideline range. See United States v. Melvin, 556 F.3d 1190, 1192 (11th Cir. 2009) (holding that Booker does not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), petition for cert. filed, (U.S. Feb. 10, 2009) (No. 08-8664). Accordingly, we affirm.

**AFFIRMED.**