[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2009
THOMAS K. KAHN
CLERK

No. 08-16330
Non-Argument Calendar

_____

D. C. Docket No. 94-00201-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL BOLDEN,
a.k.a. Mizzo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 27, 2009)

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Michael Bolden, through counsel, appeals the sentence imposed

by the district court following the grant of his *pro se* motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2). Bolden's § 3582(c)(2) motion was based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels applicable to crack cocaine offenses. On appeal, Bolden argues that the district court erred in its application of § 3582(c)(2) when it refused to sentence him below the minimum of the amended guideline range. Bolden asserts that, despite the language of U.S.S.G. § 1B1.10, which constrains the court's authority to vary from the amended range, that section, like all of the guidelines, is merely advisory under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment "in the case of a defendant who [was] sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable policy statements, found in § 1B1.10, state that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C.

2

§ 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

We conclude that Bolden's arguments are foreclosed by precedent. *See United States v. Melvin*, 556 F.3d 1190, 1192-93 (11th Cir. 2009) (holding that *Booker* does not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), *petition for cert. filed*, (U.S. Feb. 10, 2009) (No. 08-8664). Accordingly, we affirm his sentence.

**AFFIRMED.**