[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 4, 2009
THOMAS K. KAHN
CLERK

No. 08-12733
Non-Argument Calendar
_____

D. C. Docket No. 02-00448-CR-T-26-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRELL T MIDDLEBROOKS,
a.k.a. D-Lo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 4, 2009)

Before BIRCH, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Darrell T. Middlebrooks, a federal prisoner convicted of conspiracy to

possess with intent to distribute 5 kilograms or more of a substance containing a detectable amount of cocaine and 50 grams or more of a substance containing a detectable amount of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(ii), and (b)(1)(A)(iii), proceeding pro se, appeals the district court's sua sponte reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2). The district court reduced Middlebrooks's sentence to the low end of his amended guideline range based on Amendment 706 to the Sentencing Guidelines, which reduced the offense levels associated with certain crack cocaine offenses.

On appeal, Middlebrooks generally argues that the district court erred by not reducing his sentence below the low end of his amended guideline range based on the advisory nature of the guidelines. Middlebrooks also argues that the government's attempt to limit a reduction to only two levels contravenes § 3582(c)(2)'s mandate that a court consider the 18 U.S.C. § 3553(a) factors in a resentencing proceeding.[1]

---

[1] Middlebrooks moved for appointment of counsel when he filed his brief, arguing that the case was too complex for him to address without assistance of counsel. Middlebrooks' brief, however, adequately addressed his arguments. His motion for appointment of counsel is DENIED.

In response to Middlebrooks's appeal, the government moved for summary affirmance or, if the motion was denied, for its motion be treated as its brief. Although we may summarily affirm in some circumstances, see Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969), we do not do so in this case. The government's motion for summary affirmance is

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). However, in the § 3582(c)(2) context, we review "de novo the district court's determination of the scope of its authority to reduce a sentence under 18 U.S. C. § 3582." United States v. Melvin, 556 F.3d 1190, 1191 (11th Cir.) (per curiam), petition for cert. filed (U.S. Feb. 10, 2009) (No. 08-8664).

In Melvin, we addressed a § 3582(c)(2) motion based on Amendment 706 and held that United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005) and Kimbrough v. United States, 552 U.S. _, 128 S. Ct. 558 (2007) "do not apply to § 3582(c)(2) proceedings" and that "a district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission." 556 F.3d at 1190. Specifically, we held that the district court was bound by U.S.S.G. § 1B1.10(b)(2)(A)'s limitation on the court's discretion to impose a sentence below the low end of the defendant's amended guideline range. Id. at 1192-94.[2]

Because the district court did not have the authority to sentence

DENIED and its motion for its motion to be treated as its brief is GRANTED.

[2] This limitation on the imposition of a sentence below the low end of the defendant's amended guideline range also moots Middlebrooks' argument concerning the government's attempts to limit the reduction in his sentence to only two levels.

3

Middlebrooks below the low end of his amended guideline range, the court committed no error in resentencing him. Accordingly, we discern no reversible error.

**AFFIRMED.**