[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2009
THOMAS K. KAHN
CLERK

No. 08-14858
Non-Argument Calendar

_____

D. C. Docket No. 97-00067-CR-BH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICE DELEON ROBERTS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(June 2, 2009)

Before TJOFLAT, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

Maurice Deleon Roberts, a federal prisoner convicted of crack cocaine offenses, appeals his resentencing under 18 U.S.C. § 3582(c)(2) and Amendment 706[1] to the Sentencing Guidelines. On appeal, Roberts argues that the district court erred in refusing to consider a sentence below the amended guidelines range based on United States v. Booker, 125 S.Ct. 738 (2005). No reversible error has been shown; we affirm.

We review de novo the district court's legal conclusions and questions of statutory interpretation in a section 3582(c)(2) proceeding. United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554).

Application of Amendment 706 to Roberts's case shifted his guidelines range from 262 to 327 months to 210 to 262 months. He originally had been sentenced to 290 months. In his section 3582(c)(2) motion, Roberts sought a reduction -- based on his post-sentencing conduct -- greater than the two levels contemplated by Amendment 706; and he argued that the district court had discretion to reduce his sentence below the amended guidelines range under Booker. The district court

---

[1]Amendment 706 -- which became retroactive on 3 March 2008, U.S.S.G. App. C, Amend. 713 (Supp. 1 May 2008) -- reduced by two the base offense levels in crack cocaine sentences calculated pursuant to U.S.S.G. § 2D1.1(c).

determined that a sentence in the middle of the amended guidelines range was appropriate and reduced Roberts's sentence to 236 months. The court noted that it had considered the sentencing factors in 18 U.S.C. § 3553(a) and Roberts's post-sentencing conduct.

We recently addressed whether <u>Booker</u> and <u>Kimbrough</u>[2] prohibit Congress and the Sentencing Commission from limiting the extent to which a district court may reduce a sentence under section 3582(c)(2). <u>See</u> <u>United States v. Melvin</u>, 556 F.3d 1190 (11th Cir. 2009). <u>petition for cert filed</u>, (U.S. Feb. 10, 2009) (No. 08-8664). We concluded that <u>Booker</u> and <u>Kimbrough</u> did not apply to section 3582(c)(2) proceedings; a district court is bound by the limitations imposed on its discretion by section 3582(c)(2) and the applicable policy statements by the Sentencing Commission. <u>Id.</u> at 1192-93.

In the light of our decision in <u>Melvin</u>, we reject Roberts's argument that the district court had the authority to reduce his sentence below the amended guidelines range pursuant to <u>Booker</u> and <u>Kimbrough</u>. The district court reduced Roberts's guidelines range to the extent authorized by section 3582(c)(2) and the U.S.S.G. § 1B1.10 policy statement and committed no resentencing error.

AFFIRMED.

---

[2]<u>Kimbrough v. United States</u>, 128 S.Ct. 558 (2007).

3