[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2009
THOMAS K. KAHN
CLERK

No. 08-15345
Non-Argument Calendar
_____

D. C. Docket No. 98-00110-CR-2-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES PAYNE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 4, 2009)

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Charles Payne is a federal prisoner who was convicted of crack cocaine offenses. In this *pro se* appeal, he challenges the district court's reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The § 3582(c)(2) reduction was based on Amendment 706, which reduced Payne's base offense level from 32 to 30. With his category V criminal history, Payne's reduced sentence was 151 months' imprisonment, the minimum of the amended Sentencing Guidelines range.

On appeal, Payne asserts that the district court should have applied *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), and *Kimbrough v. United States*, 128 S. Ct. 558 (2007), at resentencing. Specifically, he argues that his reduced sentence was unreasonable because the district court did not explicitly acknowledge that the Guidelines or the 18 U.S.C. § 3553(a) factors were advisory. He also argues that he should have had the opportunity to challenge the legality of considering unindicted drug quantities in his offense conduct. He further argues that his sentence should have conformed to the statutory terms of 21 U.S.C. § 841(b)(1)(C) because the indictment did not specify any drug quantity, and attributing any drug quantity not found by the jury would be unconstitutional.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008) (per curiam). A district court may modify a term of

imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Any reduction, however, should be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(2). The applicable policy statement indicates that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . . ." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b)(2)(A) (2008).

Payne's arguments are foreclosed by our precedent. We have concluded that "*Booker* and *Kimbrough* do not apply to § 3582(c)(2) proceedings." *United States v Melvin*, 556 F.3d 1190, 1190 (11th Cir. 2009) (per curiam), *petition for cert. filed*, (U.S. Feb. 10, 2009) (No. 08-8664). We have further held that "a district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission." *Id.* In light of our holding in *Melvin*, Payne's challenges based on *Booker* and *Kimbrough* to his reduced sentence are meritless. Under the Guidelines, Payne's sentence cannot be reduced below the level to which the district court has already reduced it.

**AFFIRMED.**

3