[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12111
Non-Argument Calendar

_____

D. C. Docket No. 04-00102-CR-T-27-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS MCAFFEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 4, 2009)

Before BARKETT, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Curtis McAffee, proceeding pro se, appeals the district court's denial of his

motion for a reduced sentence, filed pursuant to 18 U.S.C. § 3582(c)(2), and based on Amendment 706 to the Sentencing Guidelines which reduced the base offense levels applicable to crack cocaine offenses. McAffee argues that the district court erred in denying his § 3582(c)(2) motion, despite his career-offender designation, because Amendment 706 does not specify that career offenders are ineligible for a sentence reduction. He asserts that the district court departed downward at sentencing based on his criminal history category over-representing his criminal history, and the additional reduction to his offense level for acceptance of responsibility did not preclude him from being eligible for a reduction under Amendment 706. Further, McAffee submits that (1) under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Sentencing Guidelines are advisory in all contexts, (2) under Kimbrough v. United States, 552 U.S. ___, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), the court should have considered the crack and powder cocaine sentencing disparity, and (3) the court should have considered his post-sentencing achievements.

In the instant case, McAffee's sentencing range was determined by his career-offender offense level under § 4B1.1, and his crack cocaine base offense level played no role in his ultimate sentence. Because Amendment 706 only affects base offense levels in § 2D1.1, it would not reduce McAffee's sentencing

range, and he was ineligible for relief under Amendment 706.  See United States v.

Moore, 541 F.3d 1323, 1327-28, 1330 (11th Cir. 2008), cert. denied, McFadden v.

United States, 129 S. Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-

8554); U.S.S.G. § 1B1.10, comment. (n.1(A)) (prohibiting reduction where

"amendment does not have the effect of lowering the defendant's applicable

guideline range because of the operation of another guideline").[1]

Accordingly, we affirm.

**AFFIRMED.**

---

[1] We also find no merit to McAfee's other arguments.  The sentencing court did not depart downward based on his criminal history category over-representing his criminal history. Further, McAffee's arguments that he should receive a sentence reduction under Booker and Kimbrough are foreclosed by precedent.  See United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir. 2009), petition for cert. filed, (U.S. Feb. 10, 2009) (No. 08-8664) (holding that Booker and Kimbrough apply to original sentencing proceedings and do "not address motions to reduce a sentence under § 3582(c)(2)").