[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16099
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-20947-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO VALLEJO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 5, 2009)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Ricardo Vallejo, through counsel, appeals the district court's denial of his

motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). Vallejo pled guilty to one count of conspiracy to import one or more kilograms of heroin, in violation of 21 U.S.C. § 963. The district court sentenced Vallejo to 108 months' imprisonment, which we affirmed. *See United States v. Vallejo*, 127 F. App'x 473 (11th Cir. 2005) (table).

In his section 3582(c)(2) motion before the district court, Vallejo, then proceeding *pro se*, relied on Amendment 706 to the Sentencing Guidelines, which retroactively reduced the base offense levels applicable to crack cocaine offenses. In addition, Vallejo alluded to section 3582(c)(2) relief based on other unspecified amendments to the Sentencing Guidelines related to mitigating-role reductions and the computation of a defendant's criminal history category. The United States of America ("the Government") responded, asserting that Amendment 706 did not apply because Vallejo's conviction did not involve crack cocaine. Then represented by counsel, Vallejo replied, in which he conceded that Amendment 706 did not apply to him because he was not convicted of a crack cocaine offense. Vallejo did not discuss or mention the other amendments, to which he had previously alluded in his initial *pro se* motion. In its order denying relief, the district court found only that Vallejo was not entitled to relief under Amendment 706.

2

On appeal, Vallejo argues that the district court, once it denied relief under Amendment 706, erred by failing to consider whether he was also entitled to relief under § 3582(c)(2) based on Amendments 668 and 709 to the Sentencing Guidelines, the unspecified amendments alluded to in Vallejo's initial *pro se* motion. He contends that, because the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005) rendered the Guidelines advisory, the district court possessed the authority to grant him relief under Amendments 668 and 709, despite the fact that the Sentencing Commission did not make these amendments retroactive.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008) (per curiam) (citations omitted). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* A reduction is not consistent with the Commission's policy statements unless it is made pursuant to an amendment that the Commission has made retroactive through its inclusion in U.S. Sentencing Guidelines § 1B1.10(c).

3

*See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(1) and (a)(2)(A).

Upon review of the record and the parties' briefs, we discern no reversible error. Assuming *arguendo* that Vallejo did not waive his argument regarding Amendments 668 and 709 as well as *Booker*, precedent nonetheless forecloses the same. We have held that, in § 3582(c)(2) proceedings, a district court's discretion is limited by the Sentencing Commission's applicable policy statements. *United States v. Melvin*, 556 F.3d 1190, 1190 (11th Cir. 2009) (per curiam) ("Concluding that *Booker* and *Kimbrough*[1] do not apply to § 3582(c)(2) proceedings, we hold that a district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission."), *petition for cert. filed*, (U.S. Feb. 10, 2009) (No. 08-8664). Because the Sentencing Commission did not make Amendments 668 and 709 retroactive, a district court would violate Commission policy by granting § 3582(c)(2) relief based on these amendments. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(1) and (a)(2)(A). Because the district court lacked discretion to contravene Commission policy in Vallejo's § 3582(c)(2) proceeding, any error by the district court in failing to address Amendments 668 and 709 was harmless. *See Melvin*, 556 F.3d at 1192-93. Moreover, *Booker* neither provided a district court

---

[1] *Kimbrough v. United States*, ___ U.S. ___, 128 S. Ct. 558 (2007).

with an independent jurisdictional basis to reduce Vallejo's sentence under §

3582(c)(2) nor granted a district court authority to disregard the policy statements

set forth in § 1B1.10(a).  *See United States v. Moreno*, 421 F.3d 1217, 1220-21

(11th Cir. 2005) (per curiam); *Melvin*, 556 F.3d at 1192-93.  Thus, Vallejo's claim

that even non-retroactive amendments may serve as a basis for relief under §

3582(c)(2) lacks merit.  Accordingly, we affirm.

**AFFIRMED.**