[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15752
Non-Argument Calendar

_____

D. C. Docket No. 90-00021-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILFRED RIVERA,

Defendant-Appellant.

_____

No. 08-15753
Non-Argument Calendar

_____

D. C. Docket No. 01-00033-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILFRED RIVERA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(June 8, 2009)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Wilfred Rivera, proceeding pro se, challenges the district court's denial of his motions for a reduced sentence, which were filed pursuant to 18 U.S.C. § 3582(c)(2), and the denial of his motions for reconsideration. Rivera's § 3582(c)(2) motions were based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels applicable to cocaine base ("crack") offenses. In 1990, Rivera pled guilty to distribution of 50 grams or more of crack, in violation of 21 U.S.C. § 841(a)(1). He currently is serving a sentence of 24 months for violating the terms of his supervised release in that case. Rivera also is currently serving a consecutive prison sentence of 108

2

months for conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. While he filed identical § 3582 motions and motions for reconsideration in both cocaine cases, Rivera has abandoned his claim that the district court erred in denying his motions in the powder cocaine case, because he failed to argue the denial of those motions in his appellate brief. See Irwin v. Hawk, 40 F.3d 347, 347 n.1 (11th Cir. 1994).

Appealing the district court's rulings in the crack cocaine case, Rivera argues that the district court can grant a § 3582 sentence reduction when a defendant is sentenced to a term of imprisonment upon the revocation of his supervised release. Rivera contends that the district court should have followed the teaching of Kimbrough v. United States, 552 U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and Gall v. United States, 552 U.S. ___, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), in exercising its discretion in sentencing him under the sentencing factors of 18 U.S.C. § 3553(a).

"We review de novo a district court's conclusions about the scope of its legal authority under . . . § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant sentenced to a term of imprisonment based on a sentence range that subsequently been lowered by the Sentencing Commission. 18 U.S.C. §

3582(c)(2). Any such reduction must also be consistent with the Commission's applicable policy statements, which provide that a sentence reduction must relate to the defendant's "term of imprisonment" and is not permitted if none of the retroactive amendments apply to the defendant's case. U.S.S.G. §§ 1B1.10(a)(1), (a)(2)(A).

The commentary to U.S.S.G. § 1B1.10 states, "Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10, comment. (n.4(A)). The commentary to the Guidelines thus explicitly provides that a defendant serving a term imposed upon revocation of supervised release is not eligible for § 3582(c)(2) relief. Id.; see also United States v. Melvin, 556 F.3d 1190 (11th Cir. 2009), petition for cert. filed, (U.S. Feb. 10, 2009) (No. 08-8664) (holding that "a district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission").

Furthermore, Chapter 7 of the Sentencing Guidelines sets out the sentence ranges applicable to defendants whose terms of supervised released have been revoked. See U.S.S.G. § 7B1.4(a). Thus, the court, following the revocation of

4

supervised release, does not sentence the defendant under the crack cocaine provisions of U.S.S.G. § 2D1.1, and Amendment 706 has no effect on the sentence ranges set out in § 7B1.4(a). See U.S.S.G. App. C, Amend. 706 (amending the Drug Quantity Table in § 2D1.1(c)). "Where a retroactively applicable guideline amendment . . . does not alter the sentencing range upon which [a defendant's] sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554).

Here, the district court correctly determined that Rivera was not eligible for a sentence reduction based on Amendment 706 as the sentence imposed following the revocation of supervised release was based on a sentence range set out in § 7B1.4, not § 2D1.1.[1]

AFFIRMED.

---

[1] Rivera's citation of Kimbrough and Booker are inapposite. See Melvin, 556 F.3d at 1192-93.