[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10903
Non-Argument Calendar

_____

D. C. Docket No. 94-08086-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND LEO MCKENZIE, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 18, 2009)

Before  TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Raymond Leo McKenzie, Jr., through counsel, appeals the denial of his pro

se motion for sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2). His motion was based on Amendment 706 to the Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine offenses. On appeal, he argues that the district court erroneously determined that it had no authority to reduce his sentence because his sentence was based on a sentence range that was lowered by Amendment 706, even though he was ultimately sentenced as a career offender. He further argues that the Guidelines, including § 3582(c)(2), are to be applied in an advisory manner, pursuant to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He concedes that our decision in United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, 129 S.Ct. 1601 (2009), controls this appeal, but states that he seeks to preserve the issue for future review.

A district court may reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 706, which was made retroactive by Amendment 713, reduced the offense levels in U.S.S.G. § 2D1.1 for crack cocaine offenses by two levels. See U.S.S.G. App. C, Amends. 706, 713 (2008). Any sentence reduction, however, must be "consistent with applicable policy statements issued by the

2

Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statements, found in U.S.S.G. § 1B1.10(a)(2)(B), state a reduction of a term of imprisonment is not authorized if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range.

The arguments McKenzie presents are foreclosed by precedent. The district court was not authorized to reduce his sentence because he was sentenced as a career offender pursuant to § 4B1.1. See Moore, 541 F.3d at 1327 (holding that a defendant sentenced as a career offender pursuant to § 4B1.1 is not entitled to § 3582 relief because Amendments 706 and 713 did not lower the applicable guideline range for career offenders). As for his Booker argument, it is inapplicable to § 3582(c)(2) proceedings. See United States v. Melvin, 556 F.3d 1190, 1193 (11th Cir. 2009), cert. denied, (U.S. May 18, 2009) (No. 08-8664) (holding that Booker and its progeny have no application to § 3582(c)(2) proceedings).

**AFFIRMED.**

3