[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17151
Non-Argument Calendar

_____

D. C. Docket No. 90-00020-CR-OC-10GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE WASHINGTON, JR.,
a.k.a. J.R.

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 24, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

George Washington, Jr., through counsel, appeals the district court's

reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2). The court reduced Washington's sentence to the low end of his amended guideline range based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels applicable to crack cocaine offenses. On appeal, Washington argues that the district court erred because his reduced sentence violated Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because it was higher than the applicable statutory maximum, given that the jury verdict did not specify the amount of drugs for which he was responsible. He also submits that United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which rendered the Guidelines advisory, applies in § 3582(c)(2) proceedings, but he acknowledges that his position in contrary to our recent decision in United States v. Melvin, 556 F.3d 1190 (11th Cir.), cert. denied, (U.S. May 18, 2009) (No. 08-8664).

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing

2

Commission." Id. The applicable policy statements, found in § 1B1.10, state that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

The court did not err by declining to reduce Washington's sentence below the low end of the amended range because the court was not authorized under § 3582(c)(2) to make such a reduction, given that Booker does not apply to § 3582(c)(2) proceedings. See U.S.S.G. § 1B1.10(b)(2)(A); Melvin, 556 F.3d at 1192 (holding that Booker does not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"). Furthermore, the court did not err by not applying Apprendi in resentencing Washington because such a consideration was outside the scope of his § 3582(c)(2) proceeding. See United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000) (declining to address in a § 3582(c)(2) proceeding an Eighth Amendment argument and noting that § 3582(c)(2) "does not grant to the court jurisdiction to consider extraneous resentencing issues"); see also Melvin, 556 F.3d at 1193 (stating that district court had power under § 3582(c)(2) only to reduce defendant's sentence "consistent with the applicable policy statements of the Sentencing Commission.").

Upon review of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED.**