[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 6, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11533
Non-Argument Calendar

_____

D. C. Docket No. 93-00121-CR-ORL-18-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY GRAHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 6, 2009)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

Terry Graham, through counsel, appeals the district court's order granting in part his motion for a sentencing reduction, pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, we affirm.

## I.

In 1993, a jury found Graham guilty of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(iii).[1] In preparing a pre-sentence investigation report ("PSI"), the probation officer determined that Graham had a base offense level of 36 based on the drug quantity for which he was held accountable. The probation officer also applied a two-level enhancement for obstruction of justice, which ultimately gave Graham an offense level of 38. The probation officer determined that Graham had a criminal history category of IV, which, when combined with his offense level of 38, produced an applicable guideline range of 324 to 405 months' imprisonment. The district court sentenced Graham to the low end of that range.

In January 2009, the district court sua sponte appointed Graham counsel and directed the parties to discuss the applicability of Amendment 706. In response, Graham's appointed counsel argued, inter alia, that Graham was eligible for a sentencing reduction under Amendment 706, his amended guideline range was 262

---

[1]  Notably, § 841(b)(1)(A)(iii) provides for a statutory maximum penalty of life imprisonment. 21 U.S.C. § 841(b)(1)(A).

to 327 months' imprisonment, and the court should re-sentence him below the amended guideline range in light of the 18 U.S.C. § 3553(a) factors and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 621 (2005), and its progeny. In addition, and relying on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), counsel argued that, because the jury did not make any specific drug-quantity findings, his applicable statutory maximum was 240 months' imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(C), which therefore became his guideline sentence under U.S.S.G. § 5G1.1(a).[2]

The district court agreed that Graham was eligible for a sentencing reduction and that, after reducing his offense level from 38 to 36, his amended guideline range was 262 to 327 months' imprisonment. However, the district court rejected his Apprendi argument, finding that it was authorized under § 3582(c)(2) only to substitute the two-level reduction in Amendment 706. The court then considered the § 3553(a) factors and reduced Graham's sentence to the low end of the amended guideline range.

## II.

"We review de novo a district court's conclusions about the scope of its

---

[2] See U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.").

legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). Under § 3582(c)(2), a district court may modify a defendant's term of imprisonment where he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Any such reduction must also be consistent with the Commission's applicable policy statement in U.S.S.G. § 1B1.10. See id.

### III.

In this case, the district court granted in part Graham's motion for a sentencing reduction, re-sentencing him to the low-end of the amended guideline range. Nonetheless, Graham contends on appeal that the court should have imposed an even greater reduction for two general reasons. First, Graham repeats his Apprendi argument that, because the jury never made specific drug-quantity findings, the applicable statutory maximum penalty was 240 months' imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(C), which therefore became his guideline sentence under U.S.S.G. § 5G1.1(a). However, the district court correctly found that it was not authorized to revisit these calculations in the § 3582(c)(2) proceeding. U.S.S.G. § 1B1.10(b)(1) ("[T]he court shall substitute only the amendments listed in subsection (c) for the corresponding guideline

4

provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."); see United States v. Melvin, 556 F.3d 1190, 1190 (11th Cir.) ("hold[ing] that a district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission") (emphasis added), cert. denied, 129 S.Ct. 2382 (2009). Second, Graham generally relies on Booker, its progeny, and the § 3553(a) factors, but such reliance is foreclosed by our case law. See Melvin, 556 F.3d at 1192-94 (holding that, despite Booker, the district court was not authorized to reduce the defendant's sentence below the low end of the amended guideline range). Accordingly, we affirm.

**AFFIRMED.**