[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 1, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11921
Non-Argument Calendar

_____

D. C. Docket No. 98-00221-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KAMARA CATAVIOUS WOODSON,
a.k.a. Kamara Woodson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 1, 2009)

Before EDMONDSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Kamara Catavious Woodson appeals the district court's denial of his second motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). In his second § 3582(c)(2) motion, Woodson asserted the district court erred by partially denying his first § 3582(c)(2) motion. In Woodson's first § 3582(c)(2) motion, he requested a lower sentence based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense level for crack cocaine offenses two levels. The district court partially granted Woodson's first motion and reduced his sentence to the lowest possible under the amended Guidelines range. The district court denied further relief, however, determining it lacked the authority to revisit other sentencing issues and could not reduce his sentence any further. Woodson's appeal from the first § 3582(c)(2) order was dismissed. Woodson now contends the district court erred in denying his second § 3582(c)(2) motion by refusing to correct purported errors in his original resentencing.

Assuming *arguendo* this second § 3582(c)(2) motion was procedurally permitted, the district court committed no error in denying it. The district court previously afforded Woodson the maximum relief permitted under Amendment 706 and U.S.S.G. § 1B1.10(a)(3). Proceedings under § 3582(c)(2) and U.S.S.G. § 1B1.10 "do not constitute a full resentencing of the defendant" or a *de novo* resentencing. U.S.S.G. § 1B1.10(a)(3); *United States v. Moreno*, 421 F.3d 1217,

2

1220 (11th Cir. 2005). The district court could not revisit other purported sentencing errors, *see United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000) (stating § 3582(c)(2) does not "grant to the court jurisdiction to consider extraneous resentencing issues"), and *Booker* did not give the district court authority to resentence Woodson, *see United States v. Melvin*, 556 F.3d 1190, 1192 (11th Cir. 2009) (holding the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), does not provide an independent basis for granting a sentence reduction in the context of § 3582(c)(2) proceedings because *Booker* does not apply to § 3582(c)(2) proceedings). The district court did not err in denying Woodson's second § 3582(c)(2) motion. Accordingly, we affirm.

**AFFIRMED.**