[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14128
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 29, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 92-00122-CR-J-20-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONOVAN HUGH JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 29, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Donovan Hugh Jones, a pro se petitioner, appeals the district court's sentence imposed following a grant of his motion for reduced sentence, pursuant to 18 U.S.C. § 3852(c)(2) and Amendment 706 to the Sentencing Guidelines.[*] Jones argues that the district court failed to treat the amended Guideline range as advisory at the time of his resentencing, as stated in United States. v. Booker, 543 U.S. 220 (2005), and Kimbrough v. United States, 552 U.S. 85 (2007). He proposes that we follow United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007), and conclude that limitations on § 3852(c)(2) sentencing reductions impermissibly treat the Guidelines as mandatory. We review de novo a district court's conclusions on its authority to reduce sentences under § 3582(c)(2). United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

Finding no reversible error, we affirm. Booker and Kimbrough do not apply to § 3582(c)(2) proceedings. United States v. Melvin, 556 F.3d 1190, 1193 (11th Cir. 2009), cert. denied, 129 S.Ct. 2832 (2009). A district court is bound by the limitations of § 3582(c)(2) and by applicable policy statements by the Sentencing Commission. Id. We have also already declined to follow Hicks, for the reasons

---

[*] Amendment 706 reduced the U.S.S.G. § 2D1.1 base offense level for possession of certain quantities of crack cocaine.

2

set forth above.  Id.

AFFIRMED.