[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 9, 2010
JOHN LEY
CLERK

_____

No. 09-11719
Non-Argument Calendar

_____

D. C. Docket No. 98-06154-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MORRIS LEON JOHNSON,
a.k.a. Fnu Lnu,
a.k.a. Tank,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 9, 2010)

Before EDMONDSON, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

Morris Leon Johnson, a federal prisoner convicted of crack cocaine offenses, appeals his resentencing under 18 U.S.C. § 3582(c)(2) and Amendment 706[*] to the Sentencing Guidelines. No reversible error has been shown; we affirm.

Johnson originally had a base offense level of 32 and a guidelines range of 210 to 262 months' imprisonment. The district court sentenced Johnson to 240 months. In his section 3582(c)(2) motion, Johnson requested a sentence reduction based on his post-sentencing rehabilitation and the 18 U.S.C. § 3553(a) factors. He also contended that United States v. Booker, 125 S.Ct. 738 (2005), and its progeny allowed the district court to resentence him below the amended guidelines range.

The district court reduced Johnson's base offense level from 32 to 30, which resulted in a guidelines range of 168 to 210 months' imprisonment. After considering the 18 U.S.C. § 3553(a) factors, the court sentenced Johnson to 168 months. But the court -- citing binding precedent from our Court -- refused Johnson's request to be sentenced below the amended guidelines range.

On appeal, Johnson argues that the district court erred in its application of section 3582(c)(2) because it refused to consider granting a reduction below his

_____

[*]Amendment 706 retroactively reduced by two the base offense levels in crack cocaine sentences calculated pursuant to the drug quantity table, U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 713 (Supp. 1 May 2008).

amended guidelines range despite the section 3553(a) factors, the advisory nature of the guidelines, and the policy of avoiding sentencing disparities. He concedes that his argument is foreclosed by our prior precedent and acknowledges that he raises it only to preserve it for later review. We review de novo the district court's legal conclusions about the scope of its authority in a section 3582(c)(2) proceeding. United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

Here, the district court committed no error in denying Johnson's section 3582(c)(2) motion. We have made clear that neither Booker nor Kimbrough v. United States, 128 S.Ct. 558 (2007), renders a guidelines range advisory in the context of a section 3582(c)(2) proceeding. See United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir.), cert. denied, 129 S.Ct. 2382 (2009). A district court is bound by the limitations imposed on its discretion by section 3582(c)(2) and the applicable policy statements by the Sentencing Commission. Id.; see also U.S.S.G. § 1B1.10(b)(2)(A) (explaining that "the court shall not reduce the defendant's term of imprisonment under [section] 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range").

AFFIRMED.