[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14287
Non-Argument Calendar

_____

D.C. Docket No. 1:95-cr-00751-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN GRIFFIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 10, 2020)

Before JILL PRYOR, BRASHER and MARCUS, Circuit Judges.

PER CURIAM:

Marvin Griffin, pro se, appeals the district court's denial of his motion to

reduce sentence, which the district court construed as seeking relief under § 404(b)

of the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222

("First Step Act").  On appeal, Griffin argues that the district court erred because it only considered his eligibility for relief under § 404(b) of the First Step Act -- a claim he says he did not raise -- and did not consider the compassionate-release claim he raised under 18 U.S.C. § 3582(c)(1)(A) and § 603 of the First Step Act.  After careful review, we vacate and remand.

We review de novo the district court's determination of the scope of its authority to reduce a sentence under 18 U.S.C. § 3582 and the First Step Act.  United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020); United States v. Melvin, 556 F.3d 1190, 1191 (11th Cir. 2009).  Issues raised for the first time in a reply brief are deemed waived.  Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 682-83 (11th Cir. 2014).

Section 3582(c)(1)(A)(i) currently provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A).  The district court must also find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  Id.  Prior to the First Step Act, the district court could grant this remedy only by motion of the Bureau of Prisons' ("BOP") Director.  See First Step Act § 603(b).

2

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, which provides that the court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), before it can determine whether extraordinary and compelling reasons exist.  See U.S.S.G. § 1B1.13; id., comment. (n.1).  The policy statements list medical conditions and age of the defendant or certain family circumstances as examples of extraordinary and compelling reasons.  Id., comment. (n.1).

The government has conceded on appeal that the district court overlooked Griffin's compassionate-release claim.  We note, however, that the government's concession alone is not enough for us to vacate the district court's order denying Griffin's first motion to reduce sentence.  See United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015) ("[C]onfessions of error do not relieve [us] of the performance of the judicial function" (quotations omitted)).

Nevertheless, we agree with the parties that Griffin sought compassionate-release relief from the district court under § 3582(c)(1)(A), as amended by § 603 of the First Step Act, and did not seek any relief under § 3582(c)(1)(B).  In his motion to the district court, Griffin made numerous references to extraordinary circumstances and his achievements while incarcerated.  See 18 U.S.C. § 3582(c)(1)(A) (providing that the court may reduce a defendant's sentence if, inter alia, it finds that extraordinary and compelling circumstances warrant the reduction).

3

Additionally, as we've noted, the First Step Act modified § 3582(c)(1)(A) to allow Griffin to seek this kind of relief himself, rather than allowing only the director of the BOP to do so. See id.; see also First Step Act § 603(b). Further, and most telling, Griffin neither asked for relief based on a reduction in the statutory sentencing ranges for crack cocaine offenses under § 404(b), nor did he cite to § 404(b). Accordingly, because the district court addressed only a claim for relief under § 404(b) of the First Step Act -- a claim Griffin did not raise -- and did not address Griffin's claim for compassionate release under § 3582(c)(1)(A), we vacate the district court's order denying relief and remand to allow the district court to consider Griffin's compassionate-release claim in the first instance.[1]

**VACATED AND REMANDED WITH INSTRUCTIONS.**

---

[1] To the extent Griffin made an argument in his reply brief about seeking another order from the district court recommending his participation in a drug treatment program, he waived it in our Court by raising it for the first time in his reply brief. See Sapuppo, 739 F.3d at 682-83.